UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANTOS CANAHUI DIAZ,

                Plaintiff,                              **COMPLAINT**

      -against-

FLYING PIG CAFE LLC d/b/a FLYING PIG
CAFE and MARIANNE FERRANDINO,              **JURY TRIAL DEMANDED**

                Defendants.
-------------------------------------------------------------------X

Plaintiff Santos Canahui Diaz ("Plaintiff" or "Diaz"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Flying Pig Cafe LLC and Marianne Ferrandino (collectively, "Defendants"), alleges:

**NATURE OF THE COMPLAINT**

1. During his employment as a cook at Flying Pig Cafe, Diaz worked up to sixty hours per workweek, but was not provided with overtime compensation for hours worked over forty per week. Defendants also failed to provide Diaz with (i) spread-of-hours pay on days when he worked shifts spanning over ten hours; (ii) a wage notice at his time of hiring and when his wage rate changed; and (iii) accurate wage statements with each payment of wages.

2. Diaz brings this action to recover unpaid overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because Flying Pig Cafe is located and operated by Defendants in the Eastern District of New York and the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Santos Diaz**

5. Diaz resides in Suffolk County, New York.

6. Defendants employed Diaz as a cook from approximately April 2016 until May 21, 2021.

**Defendant Flying Pig Cafe LLC**

7. Defendant Flying Pig Cafe LLC is a New York limited liability company that owns, operates, and does business as Flying Pig Cafe, located at 825 Route 25A, Miller Place, New York 11764.

8. Flying Pig Cafe advertises itself as a "an upscale American restaurant and bar" providing in-person dining, take-out, catering, and special event services. *See* www.flyingpig.cafe (last accessed October 5, 2021).

9. Throughout Plaintiff's employment, Flying Pig Cafe had employees, including Plaintiff, engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

2

10. In the three years preceding the filing of this Complaint, Flying Pig Cafe has had an annual gross volume of sales in excess of $500,000.

**Defendant Marianne Ferrandino**

11. Defendant Marianne Ferrandino is a co-owner and principal of Flying Pig Cafe.

12. Ferrandino is identified as a principal of Flying Pig Cafe on New York State Division of Alcoholic Beverage Control filings.

13. As a co-owner and principal of Flying Pig Cafe, Ferrandino held and exercised power and authority over personnel decisions at Flying Pig Cafe, including the authority to hire and fire employees, set employee wage rates, and maintain employee pay records.

14. Ferrandino hired Diaz.

15. Ferrandino set Diaz's schedule and wage rates.

16. Ferrandino distributed Diaz's wages.

17. Throughout Diaz's employment, Ferrandino was regularly present at Flying Pig Cafe and supervised the work of employees, including Diaz.

18. Ferrandino exercised sufficient control over Flying Pig Cafe's operations and Diaz's employment to be considered Diaz's employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

19. Diaz worked as a cook for Flying Pig Cafe, and was responsible for preparing food and conducting inventory.

20. From approximately April 2016 through February 2020, Diaz regularly worked (i) eight-hour shifts, from about 7:00 a.m. to 3:00 p.m., four days per week (Tuesday through Thursday and Sunday), and (ii) twelve-hour shifts, from about 9:00

a.m. to 9:00 p.m., two days per week (Friday and Saturday), totaling approximately fifty-six hours per workweek.

21. However, between approximately January 2018 and December 2019, Diaz's Thursday shift lasted twelve-hours, from about 9:00 a.m. to 9:00 p.m. Diaz regularly worked approximately sixty hours per workweek during this period.

22. Due to the Covid-19 pandemic, Defendants reduced Diaz's hours in or about March 2020 through the end of his employment. During this period, Diaz regularly worked approximately thirty-eight hours per workweek.

23. Throughout his employment, Defendants paid Diaz and other kitchen workers a straight-time rate, *i.e.* the same regular hourly wage rate for all hours worked, including hours in excess of forty per workweek.

24. In 2016 and 2017, Defendants paid Diaz $16.50 per hour, including hours worked in excess of forty per workweek.

25. In 2018, Defendants paid Diaz $17.50 per hour, including hours worked in excess of forty per workweek.

26. From January 2019 through April 2021, Defendants paid Diaz $18.50 per hour, including hours worked in excess of forty per workweek.

27. In May 2021, Defendants paid Diaz $19.50 per hour, including hours worked in excess of forty per workweek.

28. Defendants did not pay Diaz spread-of-hours pay, an extra hour's pay at the basic minimum wage rate, on days that he worked shifts spanning over ten hours.

29. Prior to approximately mid-2018, Defendants did not keep records of Diaz's hours worked using a punch clock or other time-keeping system.

30. Defendants did not provide Diaz with a wage notice at his time of hiring or when his wage rate changed.

31. Defendants paid Diaz's wages on a weekly basis in cash.

32. Defendants did not provide Diaz with an accompanying wage statement with each payment of wages accurately reflecting, *inter alia*, his hours worked and hourly rate paid.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

33. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

34. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a), and employed Plaintiff.

35. Defendants were required to pay Plaintiff one and one-half (1½) times his regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

36. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

37. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

38. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

39. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

40. Under the NYLL and supporting New York State Department of Labor ("NYDOL") regulations, including 12 NYCRR § 146-1.4, Defendants were required to pay

Plaintiff one and one-half (1 ½) times his regular rate of pay for all hours worked in excess of forty per workweek.

41. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

42. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and other kitchen workers overtime wages.

43. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Spread-of-Hours Pay)

44. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

45. Defendants willfully failed to pay Plaintiff additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shifts spread over more than ten hours.

46. By their failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL and supporting NYDOL regulations, including, but not limited to, 12 NYCRR § 146-1.6.

47. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## FOURTH CLAIM
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)**

48. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

49. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

50. Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

51. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-b).

## FIFTH CLAIM
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)**

52. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

53. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

54. Throughout Plaintiff's employment, Defendants paid Plaintiff without providing him a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

55. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and supporting regulations;

b. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and supporting regulations;

c. declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and the NYLL were willful;

e. enjoining and permanently restraining Defendants from further violations of the FLSA and NYLL;

f. awarding Plaintiff damages for unpaid overtime wages;

g. awarding Plaintiff damages for unpaid spread-of-hours pay;

h. awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

    i.  awarding Plaintiff statutory damages as a result of Defendants' failure to furnish wage notices and accurate wage statements pursuant to the NYLL and WTPA;

    j.  awarding Plaintiff pre- and post-judgment interest;

    k.  awarding Plaintiff reasonable attorneys' fees and costs; and

    l.  awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury in this action.

Dated: New York, New York
    October 6, 2021

          PECHMAN LAW GROUP PLLC

          By: *s/ Louis Pechman*
             Louis Pechman
             Galen C. Baynes
             Pechman Law Group PLLC
             488 Madison Avenue - 17th Floor
             New York, New York 10022
             (212) 583-9500
             pechman@pechmanlaw.com
             baynes@pechmanlaw.com
             *Attorneys for Plaintiff*